IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 06-0083 |
| ) | |
| vs. ) | |
| ) | |
| GEORGE LAWLER, ) | |
| ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea on Count 1 of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c), defendant shall forfeit to the United States:

all property involved in or used in any knowing violation of Title 18, United States Code, Sections 922(g)(9), and used or intended to be used in any manner or part to commit or facilitate the commission of the offense.

2. The Court has determined, based on defendant's guilty plea entered on August 9, 2006, that the following firearms are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offense:

    a.     a .357 Magnum Taurus revolver, Model 689, serial #NJ138105, additionally marked with Made in Brazil, Taurus Int. MFG, Miami FL USA;

b. a .22 LR Browning pistol, Model Buckmark, serial #655NW30501, additionally marked Morgan Utah, USA & Montreal, P.Q., Canada, Made in the USA;

c. a 7.62x39 CGA rifle, Model SKS, serial #C149140643, imported by GLNIC, LA, CA, additionally marked Made in China;

d. a 12 gauge Remington shotgun, Model 870 Wingmaster, serial #800197V, additionally marked Ilion NY, Made in USA;

e. a 12 gauge Remington shotgun, Model 870 Express Magnum, serial #A482037U, additionally marked Iion NY, Made in USA;

f. a 30-30 Marlin rifle, Model 336CS, serial #10107795, additionally marked North Haven CT USA;

g. a 12 gauge E.R. Amantino shotgun, Model Condor, serial #35467, importer Stoeger, Wayne NJ, additionally marked Brazil;

h. a .22 LR Ruger rifle, Model 10/22, serial #238-38126, additionally marked Southport, Conn., USA, and

i. A .22 caliber revolver, serial #E27165

seized from defendant on or about September 12, 2004.

3. Upon entry of this Order, the United States (or its designee) is authorized to seize the firearms identified in paragraph 2, whether held by the defendant or by a third party and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States (or its designee) shall publish notice of the order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6. Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and the extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of Court shall forward three certified copies of this order to Assistant United States Attorney Martin J. McLaughlin, U.S. Attorney's Office, Northern District of Iowa.

Done and Ordered this 14 day of August, 2006.

_____
Linda R. Reade
Judge, U.S. District Court
Northern District of Iowa

8/15/06 - 3 certified copies to USA.    de